NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2421-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

BENJAMIN LEVINE,

 Defendant-Appellant.
________________________________

 Argued October 26, 2017 – Decided November 15, 2017

 Before Judges Simonelli and Haas.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Indictment No.
 07-05-0864.

 Benjamin Levine, appellant, argued the cause
 pro se.

 David M. Liston, Assistant Prosecutor, argued
 the cause for respondent (Andrew C. Carey,
 Middlesex County Prosecutor, attorney; Mr.
 Liston, of counsel and on the brief).

PER CURIAM

 Defendant appeals from an October 8, 2015 order denying his

petition for post-conviction relief (PCR) without an evidentiary

hearing. We affirm.
 Following a trial, a jury convicted defendant of third-degree

unlicensed practice of medicine, N.J.S.A. 2C:21-20 (count one);

second-degree theft by deception, N.J.S.A. 2C:20-4 (count two);

two counts of fourth-degree falsification of records, N.J.S.A.

2C:21-4(a) (counts six and eight), and third-degree insurance

fraud, N.J.S.A. 2C:21-4.6 (count seven). After appropriate

mergers, the judge sentenced defendant to an aggregate eight-year

term and ordered him to pay restitution. On direct appeal, we

affirmed defendant's conviction, but remanded to permit the entry

of an amended judgment of conviction to correct the restitution

amount. State v. Levine, No. A-4065-09 (App. Div. July 23, 2012)

(slip op. at 2, 38), certif. denied, 213 N.J. 387 (2013).

 Defendant thereafter filed a timely petition for PCR. For

the most part, defendant attempted to relitigate the same issues

he had unsuccessfully raised in his direct appeal. He also made

other assertions that could have been raised on direct appeal.

Finally, defendant asserted that his trial counsel had been

ineffective because the attorney failed to argue that the criminal

charges involved in this case should have been handled by the

State Board of Medical Examiners rather than a court.

 Following oral argument, the judge denied defendant's

petition. In his oral decision, the judge found that the bulk of

defendant's contentions were barred by either Rule 3:22-5 or Rule

 2 A-2421-15T1
3:22-4,1 because defendant had either raised them on direct appeal

or should have raised them in that proceeding. The judge also

rejected defendant's claim that his attorney provided ineffective

assistance because he did not assert that the State Board of

Medical Examiners had jurisdiction over the criminal charges

contained in the indictment.2 The judge concluded that in the

face of the overwhelming evidence of defendant's guilt presented

at trial, "defendant received a more than adequate defense; he

received a very good defense." This appeal followed.

 On appeal, defendant raises the following contentions:

 POINT I

 INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE
 DEFENSE COUNSELORS IS OBJECTIVELY BASED ON A
 PRIMA FACIE CASE WHERE THE COUNSELORS DID NOT
 DO ANY INVESTIGATION TO DETERMINE THE STATUS
 OF DEFENDANT'S LICENSE AND FAILED TO INTERVIEW
 THE WITNESSES SO THAT ALL NOTES DOCUMENTS AND
 FILES WOULD BE BROUGHT TO COURT TO PROVIDE THE
 TRUE FACTS RELATED TO STATE MEDICAL BOARD
 LICENSING STATUTES IN RELATION TO THE CRIMINAL
 LAW. (Not Raised Below).

1
 Rule 3:22-5 provides that "[a] prior adjudication upon the merits
of any ground for relief is conclusive whether made in the
proceedings resulting in the conviction . . . or in any appeal
taken from such proceedings." Rule 3:22-4 states that subject to
exceptions not applicable here, "[a]ny ground for relief not raised
. . . in any appeal taken [from a conviction] is barred from
assertion in" a first petition for PCR.
2
 On direct appeal, we rejected defendant's assertion that the
State Board of Medical Examiners had exclusive jurisdiction over
the charges against him. Levine, supra, (slip op. at 2, 5, 16).

 3 A-2421-15T1
 POINT II

 THE LOWER PCR AND TRIAL COURTS MADE MULTIPLE
 ERRORS INCLUDING FAILURE TO ARRAIGN ON #07-
 05-00864 THAT MUST ALLOW AQUITTAL. (Not Raised
 Below).

 POINT III

 THE LOWER PCR COURT SHOULD HAVE KNOWN THAT
 GILLET DID NOT HAVE THE AUTHORITY OR THE
 JURISIDICTION TO PROSECUTE THIS CASE, SO
 GILLET ENGAGED IN "BAD FAITH" AND LIES TO
 PREVENT THE JURY AND COURT FROM KNOWING.
 (Raised Below Point VIII, Reply Point V) (But
 Without New Case).

 POINT IV

 NO COURT OR PROSECUTOR CAN ADD VERBIAGE TO A
 CRIMINAL STATUTE TO CHANGE THE INTENT OF THE
 LEGISLATURE UNLESS THERE IS AMBIGUITY AND NO
 AMBIGUITY EXISTED IN THE STATUTE; BUT, JUDGE
 PULLEN CAUSED AMBIGUITY FOR THE JURY BY
 REFUSING TO DEFINE THE ELEMENT OF POSSESSION
 OF A LICENSE AND FAILING TO CHARGE THE JURY
 WITH THE ADMINISTRATIVE LICENSING STATUTES IN
 A PHYSICIAN LICENSING CASE, AS DEFENDANT
 POSSESSED A LICENSE. (Not Raised Below).

 POINT V

 THE TRIAL COURT VIOLATED ITS SCHEDULING
 DISCRETION BY DENYING REPRESENTATION OF
 DEFENDANT'S ATTORNEY. (Raised Below Point I).

 When petitioning for PCR, the defendant must establish by a

preponderance of the credible evidence that he or she is entitled

to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013);

State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that

burden, the defendant must allege and articulate specific facts

 4 A-2421-15T1
that "provide the court with an adequate basis on which to rest

its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

 The mere raising of a claim for PCR does not entitle the

defendant to an evidentiary hearing, and the defendant "must do

more than make bald assertions that he was denied the effective

assistance of counsel." State v. Cummings, 321 N.J. Super. 154,

170 (App. Div.), certif. denied, 162 N.J. 199 (1999). Rather,

trial courts should grant evidentiary hearings and make a

determination on the merits only if the defendant has presented a

prima facie claim of ineffective assistance. Preciose, supra, 129

N.J. at 462.

 To establish a prima facie claim of ineffective assistance

of counsel, the defendant is obliged to show not only the

particular manner in which counsel's performance was deficient,

but also that the deficiency prejudiced his right to a fair trial.

Strickland v. Washington, 466 U.S. 668, 687, l04 S. Ct. 2052,

2064, 80 L. Ed. 2d 674, 693 (1984); State v. Fritz, 105 N.J. 42,

58 (1987). There is a strong presumption that counsel "rendered

adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." Strickland, supra,

466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695.

 We have considered defendant's contentions in light of the

record and applicable legal principles and conclude that they are

 5 A-2421-15T1
without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(2). We add the following brief comments.

 As defendant notes in the point headings to his brief, he did

not raise Points I, II, or IV before the trial court. "We generally

'decline to consider questions or issues not properly raised to

the trial court . . . unless the questions so raised on appeal go

to the jurisdiction of the trial court or concern matters of great

public interest.'" State v. Marroccelli, 448 N.J. Super. 349, 373

(App. Div. 2017) (quoting State v. Robinson, 200 N.J. 1, 20

(2009)). Neither of those exceptions applies to this case and,

therefore, we will not consider defendant's newly-minted

contentions here.

 We also reject the arguments defendant raises in Points III

and V because, as the trial judge found, they are barred by Rule

3:22-5. In Point III, defendant once again contends that this

matter should have been referred to the State Board of Medical

Examiners, which was the same argument he presented in Points I

and VIII of the brief defendant's attorney submitted in defendant's

direct appeal. Levine, supra, (slip op. at 2, 5). Similarly,

defendant's assertion in Point V that the trial court did not

permit an attorney defendant wanted to retain to represent him at

trial mirrors the argument defendant unsuccessfully raised in

Point I of the pro se supplemental brief he filed in his direct

 6 A-2421-15T1
appeal and in Point X of his supplemental reply brief in that

matter. Id. at 4, 7.

 As our Supreme Court made clear in Preciose, "[p]ost-

conviction relief is neither a substitute for direct appeal,

. . . nor an opportunity to relitigate cases already decided on

the merits[.]" Preciose, supra, 129 N.J. at 459 (citations

omitted). Because defendant unsuccessfully raised the exact same

arguments on direct appeal that he attempted to present to the PCR

court, the trial judge properly rejected these contentions under

R. 3:22-5.

 Affirmed.

 7 A-2421-15T1